**BASIL OLDSMOBILE, INC., Plaintiff–Appellant–Cross–Appellee,**

v.

**GM–DI LEASING CORPORATION, Defendant–Third–Party–Plaintiff–Appellee–Cross Appellant,**

**Sylvania Lighting Company, Cross–Claim–Third–Party–Defendant–Appellee,**

**Plasti–Line, Inc., Cross–Defendant–Third–Party–Defendant–Appellee.**

**Nos. 00–9385 L, 00–9467 XAP.**

United States Court of Appeals, Second Circuit.

July 5, 2001.

Michelle Parker, O'Shea, Reynolds & Cummings, Buffalo, NY; Nelson E. Schule, Jr. on the brief, for appellant.

John E. Stanton, Jr., Saperston & Day, Buffalo, NY; Neil A. Goldberg on the brief, for GM–DI Leasing Corporation. Lorraine Rann Mertell, Greene, Hershdorfer & Sharpe, Syracuse, NY, for Sylvania Lighting Company. Andrea Schillaci,

Hurwitz & Fine, Buffalo, NY, for Plasti–Line, Inc., for appellee.

Present JACOBS, PARKER and SOTOMAYOR, Circuit JJ.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Basil Oldsmobile brought suit against GM–DI Leasing Corporation seeking damages arising from the collapse of a dealership identification sign furnished to Basil pursuant to a lease agreement. GM–DI filed third-party complaints against Sylvania Lighting Company and Plasti–Line, Inc. (with GM–DI, collectively, "defendants"), companies responsible for the maintenance and construction of the sign. Basil appeals from the grant of summary judgment in favor of defendant entered in the United States District Court for the Western District of New York (Arcara, J.).

The district court concluded i) that Basil had not presented sufficient evidence that the design, manufacture, installation, or maintenance of the sign caused the damages, and ii) that *res ipsa loquitur* does not apply because the sign was not within the defendants' exclusive control. Basil challenges both conclusions on appeal.

■ i) The only evidence Basil presented, aside from evidence of past problems with the sign, was the testimony of Dr. Crispin Hales, a mechanical engineer. Hales postulated that the sign collapsed when subjected to high winds from an oblique angle. Hales admitted on deposition, however, that there was "insufficient evidence" that the sign was improperly designed, constructed, installed, or maintained, and that he could not rule out vandalism as the cause of the damage. As the district court noted, Basil destroyed

the crucial piece of evidence—the sign fragments—*immediately following the accident.*

■ ii) *Res ipsa loquitur* "has the effect of creating a prima facie case of negligence sufficient for submission to the jury...." *Dermatossian v. New York City Transit Auth.,* 67 N.Y.2d 219, 226, 501 N.Y.S.2d 784, 492 N.E.2d 1200 (1986). But the doctrine applies only if the instrumentality in question was within the exclusive control of the defendant. *See id.* at 226–28, 501 N.Y.S.2d 784, 492 N.E.2d 1200; *see also St. Paul Fire & Marine Ins. Co. v. City of New York,* 907 F.2d 299, 302–03 (2d Cir. 1990). The sign at issue was outdoors on plaintiff's property, accessible to the general public and vulnerable to the elements. Basil therefore failed to demonstrate the requisite level of control. *See, e.g., St. Paul Fire & Marine,* 907 F.2d at 303–04 (*res ipsa loquitur* inapplicable where others had access to instrumentality of harm); *Ebanks v. New York City Transit Auth.,* 70 N.Y.2d 621, 623, 518 N.Y.S.2d 776, 512 N.E.2d 297 (N.Y.1987) (*res ipsa loquitur* inapplicable in suit over damages from gap in escalator; though defendant maintained escalator, it could have been damaged by the public).

Because we affirm the dismissal of Basil Oldsmobile's claims, we need not address the various cross-claims made by GM–DI Leasing, Sylvania Lighting Company and Plasti–Line, Inc.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.